```
             UNITED STATES DISTRICT COURT
               DISTRICT OF CONNECTICUT

Tricia Lucas,                   :
                                :
     Plaintiff,                 :
                                :
v.                              :    Case No. 3:15-cv-1754 (RNC)
                                :
United States Postal Service,   :
Jodi Heslin and                 :
Joseph Mazzola                  :
                                :
     Defendants.                :
                                :
```

RULING AND ORDER

Plaintiff Tricia Lucas brings this action under the Federal Tort Claims Act of 1946, as amended, 28 U.S.C. § 2671 et seq. ("FTCA") and the common law of Connecticut against the U.S. Postal Service, Jodi Heslin, and Joseph Mazzola, seeking damages for intentional and negligent infliction of emotional distress. At the pertinent time, plaintiff, her husband Robert Lucas, and defendants Heslin and Mazzola were all employees of the Postal Service. Plaintiff alleges that Heslin, while having a sexual affair with Robert Lucas, and in furtherance of the affair, used her supervisory position at the Postal Service to interfere with plaintiff's employment, including denying the plaintiff's applications for promotions. She alleges that Mazzola was Heslin's close friend and paramour, knew of the relationship between Heslin and Robert Lucas, colluded with Heslin to cover up her affair with Robert, failed to intervene to prevent Heslin

1

from harming the plaintiff's career and assisted Heslin's attempts to harm the plaintiff by improperly denying the plaintiff's applications for promotions.

The Postal Service has moved pursuant to the FTCA (ECF No. 23) to substitute the United States as the sole defendant with regard to parts of counts two, four and eight, which plead common law claims for negligent and intentional infliction of emotional distress against defendants Heslin and Mazzola in their individual capacities based on their allegedly wrongful actions toward the plaintiff that interfered with her employment and caused her emotional injuries.  The FTCA provides the exclusive remedy for persons injured by the negligent or wrongful actions of federal employees acting in the scope of their employment. 28 U.S.C. §§ 1346(b)(1), 2679(a),(b)(1).  AUSA John B. Hughes, Chief of the Civil Division of the U.S. Attorney's Office, has certified that at the pertinent times, Heslin and Mazzola were acting within the scope of their federal employment as to certain of the wrongful acts alleged in these counts (specifically, with regard to Heslin, needlessly requiring the plaintiff to work on Saturdays, using a Postal Service cell phone and email account to order the plaintiff to work on Saturdays and denying the plaintiff's applications for promotions; and with regard to Mazzola, denying the plaintiff's applications for promotions). Under 28 U.S.C. § 2679(d)(2), the certification requires that the

United States be substituted as the party defendant with regard to those allegedly wrongful acts.  Accordingly, the motion to substitute the United States as a party is granted.

The Postal Service has also moved to dismiss or, in the alternative, to stay the FTCA claim (ECF No. 15) on the ground that a substantial question exists as to whether the plaintiff's claims for emotional injuries sustained in the course of her employment are exclusively cognizable under the Federal Employees Compensation Act, 5 U.S.C. § 8116(c) ("FECA").  The Secretary of Labor is authorized to determine whether an injury is compensable under the FECA.  5 U.S.C. § 8124(a).  When a substantial question of FECA coverage is presented in a case brought under the FTCA, the Secretary of Labor must be allowed to determine whether the claimed injury is compensable under the FECA.  See O'Donnell v. United States, No. CIV.A 04-00101, 2006 WL 166531, at *5-6 (E.D. Pa. Jan. 20, 2006).  Accordingly, the motion to stay further proceedings on the FTCA claim is granted pending a determination by the Secretary of Labor on the applicability of the FECA.

Finally, plaintiff has moved to dismiss without prejudice her common law claims against Heslin and Mazzola in their individual capacities (ECF No. 47) so that she can pursue those claims in state court.  Heslin and Mazzola oppose the motion and have moved to dismiss the common law claims with prejudice for failure to state a claim on which releif may be granted.  The

mandatory stay with regard to the FTCA claim prevents this Court from proceeding on the only federal claim in the case. How long the stay will remain in effect is unknown. If the Secretary of Labor determines that the plaintiff's alleged injuries are compensable under the FECA, the FTCA claim will be dismissed with no further proceedings here. In the interim, plaintiff's state law claims will need to be addressed. The question is whether the claims should be dealt with here or in state court.

In deciding whether to exercise supplemental jurisdiction over state law claims, federal courts consider the values of judicial economy, convenience, fairness and comity. See City of Chicago v. International College of Surgeons, 522 U.S. 156, 173 (1997). In the circumstances presented here, these factors weigh in favor of dismissing the state claw claims without prejudice. Though the case was filed in late 2015, counsel for defendants Heslin and Mazzola did not appear until December 2016, and January 2017, respectively, and no discovery has been done. The defendants contend that the plaintiff's claims raise no novel or complex issue of state law, but no precedent has been cited or found that squarely addresses the unusual factual scenario presented by the plaintiff's allegations. Moreover, the defendants' motion papers can easily be recaptioned for filing in state court, where the legal sufficiency of the plaintiff's allegations under state law can be authoritatively addressed.

Accordingly, the motion to substitute the United States as a party (ECF No. 23) is granted, the motion to dismiss or, in the alternative to stay (ECF No. 15) is granted, and the motion to dismiss without prejudice (ECF No. 47) is granted.  The remaining motions are denied.

So ordered this 31st day of March 2017.

```
                              _____/s/_____
                              Robert N. Chatigny
                              United States District Judge
```